## Tranter Manufacturing Company v. Shaler Township School District

Before Kennedy, O'Brien and Duff, JJ.

Martin L. Moore, Jr., and J. M. Stoner & Sons, for plaintiff.

Thomas R. Neely, school solicitor, and Scott & Neely, for defendant.

DUFF, J., July 9, 1953.—This case arises on a stipulated set of facts. In essence, the following is a summary of the facts:

On or about March 21, 1952, defendant requested bids from plaintiff and others for five South Bend light 10 bench lathes, with instructions to the bidders that the bids should specify the unit price, the total and grand total. In response to this request, plaintiff submitted a bid on April 7, 1952, the pertinent parts of which read:

"Five (5) each #760-A South Bend 'Light Ten', 10″ x 4′ bed, Model 'A' precision bench lathes ...............................

"Price Delivered—$663.50 each, or $1817.50

"Terms—30 days net."

As can readily be seen, the unit price multiplied by the number of units totals $3,317.50, instead of the amount as stated.

On May 12, 1952, defendant purportedly accepted plaintiff's bid and on May 19, 1952 sent plaintiff an order for the five bench lathes at the stated gross price of $1,817.50. Plaintiff accepted the order on May 23, 1952 and delivered and installed the said lathes on October 10, 1952. Up until October 27, 1952, neither party had any knowledge of the mistake in the bid as submitted. On October 27, 1952, plaintiff sent defendant a letter calling attention to the mistake and requesting the additional money.

No money has been paid on the contract. Plaintiff seeks reformation of the contract, or rescission and restitution. Plaintiff has offered to accept return of the lathes from defendant and terminate the entire dealings.

The issue presented is whether a contractor making an erroneous total bid for equipment, the error being caused by a mistake in the multiplication of the correct unit price by the number of units ordered, is bound by such erroneous bid when he unknowingly accepts such erroneous bid and completely fulfills the contract.

It is apparent from the outset that both parties acted under the mistaken belief that the total amount of the bid was arrived at by proper multiplication of the unit price by the number of units. This mistake was apparent on the face of the bid. It was a patent ambiguity. It is an uncertainty which arises immediately upon reading the instrument.

It must be noted that a patent ambiguity is distinguishable from a latent ambiguity, which is not apparent on the *face* of the instrument. The numerous cases where a contractor omits an item from a bid or inserts an incorrect figure are not applicable since such error was not apparent on the face of the bid.

We have no case in Pennsylvania which is decisive of the issue raised in this proceeding. The case which is closest in fact situation is City of New York v. Dowd Lumber Co. et al., 125 N. Y. Supp. 394 (1910). The court relieved the contractor from any liability on a contract where it was shown that he had made an error in multiplying the unit price of articles by the number of articles purchased. The court reasoned that, where a mistake is patent, the opposite party should have known of it and so no contract was ever made. In that case, the decimal point had been placed too far to the left and, instead of $1,050 as the contract price, it read $105. The exact wording was "3,000 pieces 1½ by 9, spruce, at 35c per piece . . . $105.00". This court quotes Singer v. Grand Rapid Match Co., 117 Ga. 86, 43 S. E. 755, as follows:

" 'A slip of the pen or a slip of the tongue ought not to be treated as a deliberate contract, unless the other party acted thereon to his injury. But if by reason of ambiguity in the terms of the contract, or some peculiar circumstances attending the transaction, it appears that one of the parties has, without gross fault or laches on his part, made a mistake, that this mistake was known, or ought to have been known, to the op-

posite party, and that the mistake can be relieved against without injustice, the court will afford relief, either by refusing specific performance, by cancellation, or by refusing to give damages. Where the mistake is patent, where the opposite party knew or should have known of it, no contract is made. The minds of the parties have not met, and they will be left where the mistake placed them'."

In this case had the acceptance of the bid been made in the exact terms of the offer, no contract could have resulted in the absence of a clarification of the intent of the parties. The offer was not, in fact, so accepted. Therefore, we are of the opinion that the minds of the parties have not met.

Under this finding, plaintiff is entitled to judgment in accordance with the condition (4) of the stipulation of the parties, which entitles plaintiff to judgment in its favor against defendant in the sum of $3,317.50, with interest on the sum of $1,500 from October 10, 1952, with costs to plaintiff.